## Irene Faletti, Administratrix, Appellee, v. W. L. Child, Appellant.

### Gen. No. 6,396.    (Not to be reported in full.)

Appeal from the Circuit Court of Putnam county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Irene Faletti, administratrix *de bonis non* of the estate of Edward McCabe, deceased, plaintiff, against W. L. Child, defendant, to recover for money loaned by the deceased to the defendant and interest thereon and money collected by the defendant in the lifetime of the deceased from parties owing him and which had not been accounted for or paid to him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

From a judgment for plaintiff for $795.83, defendant appeals.

A bill of particulars filed showed an item of a check for $600 as for money loaned to the defendant and cashed by him, and another item for money arising from the sale by the defendant of two teams of mules belonging to the deceased.

GEORGE W. HUNT, for appellant; C. B. CHAPMAN and BUTTERS & CLARK, of counsel.

BARNES, MAGOON & J. L. MURPHY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 93*—*when verdict deemed to be based upon amount of check alleged to represent money loaned.* In an action to recover for money in part loaned to and in part collected by the defendant, where the verdict was for an amount exactly equal to that of a certain check stated to represent the money loaned and interest thereon and was excessive as a valuation of two teams of mules, the proceeds of the sale of which the defendant collected, and there being no other proof in the case, *held* that such verdict should be taken as upon such check alone.

2. ASSUMPSIT, ACTION OF, § 87*—*what presumption arises from receipt of check from deceased person.* The mere fact that the defendant received from the plaintiff's intestate a certain check and received the money thereon could not create the presumption that the intestate loaned the defendant the amount of the check, but the ordinary presumption would be that the money was paid because it was due and owing by the intestate to the defendant, in an action to recover such amount.

3. ASSUMPSIT, ACTION OF, § 89*—*when evidence insufficient to show that check is for money loaned.* Evidence *held* insufficient to sustain the finding that a certain check given by plaintiff's intestate to the defendant, who received the money thereon, was for money loaned to the defendant, in an action to recover the amount of such check.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. ASSUMPSIT, ACTION OF, § 92*—*when instruction is misleading.* An instruction that a $600 item in a bill of particulars was based upon a certain check for that amount in evidence, *held* misleading in an action to recover for money loaned in which such bill of particulars was filed, as in order to sustain that item it would be necessary not merely to show the check but also that it was an advancement or loan to the defendant.